# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8236 | **DATE** | December 16, 2011 |
| **CASE TITLE** | Lawrence Latham vs. Cook County | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial filing fee is waived. 28 U.S.C. § 1915(a)(4). The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendant against plaintiff. Civil Case Terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Lawrence Latham, a detainee at the Cook County Jail, has brought suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial filing fee is waived because plaintiff has had no deposits into, and has a zero balance in, his trust fund account. 28 U.S.C. § 1915(a)(4). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Turning to the initial review, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94

(2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that in 2007 he had a then ongoing criminal state criminal trial while he was detained at the Cook County Jail. Correctional Rehabilitation Worker Jackson was assigned by the jail to assist plaintiff with various requests including issues regarding his criminal case. One of Jackson's duties was to provide plaintiff with the case number for his state criminal case. Jackson provided this to plaintiff for a motion for new trial and appeal that plaintiff wanted to file with the state courts. Unfortunately, Jackson provided plaintiff with the wrong number resulting in the document being misfiled. This error caused confusion in plaintiff's criminal case and resulted in him missing a deadline. Plaintiff alleges that Jackson's actions prevented him from presenting new evidence and witnesses that would have changed the outcome of his criminal case.

"'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequately law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The right is not infringed upon unless defendant's conduct has a prejudicial and specific effect on potentially meritorious litigation. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 349; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The defendant must intentionally engage in the denial of access to courts, mere negligence is insufficient to establish a claim. *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) (per curiam); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). Here, plaintiff fails to state a claim for the denial of access to courts because he plausibly alleges only negligent conduct by Jackson of providing the wrong case number. Plaintiff does not plausibly suggest, as required, that Jackson's actions were intentionally designed to harm his state criminal case.

Plaintiff's case cannot be saved by amending his complaint because his case is meritless, and furthermore, it is clear from the face of the complaint that it is untimely as well. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted); *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Plaintiff faces a two year statute of limitations. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (citations omitted). Jackson's alleged misconduct of providing a wrong case number occurred in 2007. The Court recognizes that plaintiff's cause of action accrued when his state case was allegedly harmed by Jackson's action which resulted in the inability to file a timely motion for new trial and appeal. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154-55 (9th Cir. 2000). Illinois law has a thirty day time limit for both filing a motion for new trial and notice of appeal in a criminal case. 725 ILCS 5/116-1; Ill. S. Ct. R. 606(b); *Illinois v. Rosenbalm*, No. 2-10-0243, 2011 WL 4485831, at *1 (Ill. App. Ct. Sept. 27, 2011); *Illinois v. Gutman*, 928 N.E.2d 61, 71 (Ill. App. Ct. 2010). Thus, the alleged harm of being unable to bring a timely motion and appeal occurred in 2007.

| STATEMENT |
|---|

Even if a period of time was tolled while plaintiff exhausted a claim through the Cook County grievance process, *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001), this certainly would not cover the two years of untolled time necessary to make his complaint timely. Plaintiff did not submit the present complaint until November 2011. Plaintiff complaint must be dismissed and a strike assessed under 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. Plaintiff was previously assessed a strike under § 1915(g) in *Latham v. Northwestern University*, No. 11 C 3542 (N.D. Ill. June 1, 2011) (Coleman, J.) (Dkt. No. 4).

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial filing fee is waived. 28 U.S.C. § 1915(a)(4). The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendant against plaintiff. Civil Case Terminated.